IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| DANIEL T. LIPSCOMB, | ) | |
|     Plaintiff, | ) | Civil Action No. 7:20cv00411 |
| | ) | |
| v. | ) | |
| | ) | |
| SUPERINTENDANT JAMES F. | ) | |
| WHITLEY, *et al.*, | ) | By: Elizabeth K. Dillon |
|     Defendants. | ) | United States District Judge |

**MEMORANDUM OPINION**

Plaintiff, Daniel T. Lipscomb, has filed a pleading that the court has construed and docketed as a motion seeking preliminary injunctive relief. (Dkt. No. 87.) The underlying civil action concerns allegations that Lipscomb has been wrongfully held under harsh conditions for too long a time at the Northwestern Regional Adult Detention Center ("NRADC"), where the defendants to this lawsuit are employed. Lipscomb's motion asserts that Captain Custer of NRADC wrongfully transferred him to another facility, the Rappahannock Shenandoah Warren Regional Jail ("RSW"), knowing that Lipscomb would be in danger at RSW from a gang member who was housed there, George Goode. As relief, Lipscomb sought to be transferred immediately from RSW back to NRADC. The defendants have filed a response to Lipscomb's motion (Dkt. No. 89). After review of the parties' submissions, the court will dismiss Lipscomb's motion as moot.[1]

In response to Lipscomb's motion, the defendants have submitted a declaration from Clay A. Corbin, the NRADC superintendent. Corbin states that on May 19, 2021, the Commonwealth's Attorney involved in Lipscomb's case contacted NRADC and requested that the inmate be transferred to a different detention facility, for his safety, because he was

---

[1] Lipscomb's most recently filed motion for interlocutory injunctive relief (Dkt. No. 93) will be separately addressed.

cooperating with officials by providing information about others. To accommodate this request, NRADC staff moved Lipscomb to RSW, which is within a thirty-minute drive of NRADC. According to Corbin, Custer had no involvement with this transfer. Corbin also states that, as an NRADC officer, Custer has no authority over classification or housing decisions at any other jail facility, including RSW. He states that if Lipscomb had concerns for his safety while he was housed at RSW, it was incumbent upon him to communicate those concerns to RSW staff members, so proper precautions could be enforced at that facility to protect Lipscomb.

According to Corbin, on July 8, 2021, Lipscomb was returned to NRADC for one night before a court hearing. While at NRADC for that brief period, Lipscomb expressed to Custer his concerns for his safety at RSW because of gang members housed there, and he asked not to be returned to that facility. Custer advised the inmate to express his safety concerns to RSW staff because Custer had no authority over housing assignments at RSW. The following day, officials returned Lipscomb to RSW.

On July 15, 2021, officials transferred Lipscomb from RSW to NRADC. This transfer occurred because RSW officials determined that it was no longer possible to safely house Lipscomb at RSW because of numerous orders to keep him separate from other inmates housed there. According to the defendants, Lipscomb is currently confined at NRADC in Unit 2 AB Phase 1. This unit is more restrictive, intended for recently committed inmates as they acclimate to the facility and await classification determinations for proper custody and housing status. On July 23, 2021, the court received Lipscomb's notice that he had been transferred back to NRADC.

When Lipscomb filed his motion for interlocutory relief, he was confined at RSW, where he felt unsafe. The record indicates that he was transferred to NRADC, as he desired, on July 15, 2021. Therefore, Lipscomb is no longer subject to the alleged dangers that he might encounter at

RSW. Accordingly, his requests for interlocutory relief regarding conditions or individuals at RSW are moot, and his motion must be denied as such. *See Rendelman v. Rouse*, 569 F.3d 182, 186 (4th Cir. 2009) ("[A]s a general rule, a prisoner's transfer or release from a particular prison moots his claims for injunctive . . . relief with respect to his incarceration there."); *Incumaa v. Ozmint*, 507 F.3d 281, 287 (4th Cir. 2007) ("Once an inmate is removed from the environment in which he is subjected to the challenged policy or practice, absent a claim for damages, he no longer has a legally cognizable interest in a judicial decision on the merits of his claim."). Moreover, Lipscomb has not moved to amend the underlying § 1983 complaint to include claims against anyone regarding his transfers between the two facilities. Accordingly, the court declines to construe any of his submissions as attempted amendments to his claims.

    For the reasons stated, the court cannot find that Lipscomb is entitled to the extraordinary remedy he is seeking and will deny his motion. An appropriate order will enter this day.

    Entered: September 14, 2021.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
United States District Judge