IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| DANIEL T. LIPSCOMB, | ) | |
|     Plaintiff, | ) | Civil Action No. 7:20cv00411 |
| | ) | |
| v. | ) | |
| | ) | |
| SUPERINTENDANT JAMES F. | ) | |
| WHITLEY, *et al.*, | ) | By: Elizabeth K. Dillon |
|     Defendants. | ) | United States District Judge |

**MEMORANDUM OPINION**

Plaintiff, Daniel T. Lipscomb has filed a pleading that the court has construed and docketed as a motion seeking a temporary restraining order and/or preliminary injunctive relief (Dkt. No. 93). Lipscomb's motion alleges that his life is in danger from jail officers and/or gang members. After review of the parties' submissions, the court will deny Lipscomb's motion.

The underlying civil action under 42 U.S.C. § 1983 concerns allegations that Lipscomb was wrongfully held under harsh, segregated confinement conditions for too long a time at the Northwestern Regional Adult Detention Center ("NRADC"), where the defendants to this lawsuit are employed. Lipscomb alleges in the current motion that he fears unspecified retaliatory actions from some of the defendants or their agents. He alleges that on July 28, 2021, defendant Lieutenant ("Lt.") J. Saville ordered a gang member to assault Lipscomb, who was later sexually assaulted. Lipscomb alleges that Lt. Saville also gave gang members copies of Lipscomb's legal paperwork for some unspecified purpose. Because of these actions and fears that Lt. Saville and defendant Captain Heath Custer "want[ Lipscomb] harmed by [the] gang members," Lipscomb alleges that they have "forced [him] into Protective Custody." Mot. 2, ECF No. 93. Lipscomb also alleges that he received a note indicating that his food is not safe, and he is afraid agents of these officers or the gang may work in the kitchen or serve Lipscomb's meal trays and may try to poison his food.

Lipscomb asks the court to: (a) order Custer to remove gang members from the NRADC kitchen; (b) order separation between Lipscomb and Custer, Saville, or officers they supervise and to direct them not to retaliate against him for unspecified reasons; (c) order all NRADC officers to "stop putting Mr. Lipscomb's life in danger"; (d) order that Lipscomb is "to be housed in a small housing unit at NRADC" where officers know he will be safe; (e) order that NRADC officials return Lipscomb's unspecified property and legal work; and (f) order that all six Protective Custody inmates may be allowed outside their cells together, since Lipscomb is not in danger from any of them. He asserts that he should not be punished (apparently by restrictive conditions in Protective Custody) because his life is in danger.

The party seeking preliminary injunctive relief must state facts clearly showing "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Each of these four factors must be satisfied. *Id.* "Issuing a preliminary injunction based only on a possibility of irreparable harm is inconsistent with the [Supreme Court's] characterization of injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief."[1] *Id.*

The court cannot find that Lipscomb has met the first two factors under *Winter*. He does not indicate that he has sought assistance with his alleged fears from jail officials or that he has filed administrative remedies asking jail officials to address the alleged dangers that he describes at NRADC. Until he has given jail officials an opportunity to alleviate his concerns, he has

---

[1] Lipscomb has also requested a temporary restraining order ("TRO"). TROs are issued only rarely, when the movant proves that he will suffer injury if relief is not granted before the adverse party could be notified and have opportunity to respond. *See* Fed. R. Civ. P. 65(b). Such an order would only last until such time as a hearing on a preliminary injunction could be arranged. As it is clear from the outset that Lipscomb is not entitled to a preliminary injunction, the court finds no basis upon which to grant him a TRO.

arguably not demonstrated that only court intervention can prevent the potential harms that he describes in his motion, as required under *Winter*. Moreover, if Lipscomb has not exhausted available administrative remedies, he cannot proceed with a lawsuit concerning these events, which he will need to file in a new and separate civil action. *See* 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions under section 1983 . . . by a prisoner confined in any jail . . . until such administrative remedies as are available are exhausted.")

Most importantly, the reasons Lipscomb gives in the motion for interlocutory relief are not properly raised in this lawsuit, which contends that his long-term confinement in segregation violates his constitutional rights. "[A] preliminary injunction may never issue to prevent an injury or harm which not even the moving party contends was caused by the wrong claimed in the underlying action." *Omega World Travel v. TWA*, 111 F.3d 14, 16 (4th Cir. 1997). To warrant interlocutory relief, the movant "must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." *Id.* Lipscomb's motion fails to state facts showing that the alleged sexual assault, his decision to enter protective custody, his complaints about living conditions there, or his fears of food poisoning or other potential harmful actions were caused by the same conduct alleged against the defendants in his § 1983 complaint about being in long-term segregated confinement without due process. Thus, as part of this case, the court cannot grant the kind of court intervention Lipscomb seeks. He remains free to raise these allegations in a new and separate civil action under § 1983, in which he may also seek interlocutory injunctive relief, if warranted, once he has exhausted administrative remedies as required under § 1997e(a).

For the reasons stated, the court concludes that Lipscomb is not entitled to the extraordinary remedy he is seeking in this action and will deny his motion. An appropriate order will enter this day.

Entered: September 20, 2021.

*/s/ Elizabeth K. Dillon*
Elizabeth K. Dillon
United States District Judge