IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| DANIEL T. LIPSCOMB,       ) | |
|     Plaintiff,       ) | Civil Action No. 7:20cv00411 |
| )  | |
| v.       ) | |
| )  | |
| SUPERINTENDANT JAMES F. WHITLEY,   ) | |
| *et al.*,       ) | By: Elizabeth K. Dillon |
|     Defendants.       ) | United States District Judge |

**MEMORANDUM OPINION AND ORDER**

Daniel T. Lipscomb, a Virginia inmate proceeding *pro se*, filed this civil rights action pursuant to 42 U.S.C. § 1983, against officials at the Northwestern Regional Adult Detention Center ("NRADC") in Winchester, Virginia. Lipscomb alleges that the defendants held him in segregated confinement from February to October 2020 without due process, allowing him only one and a half hours per day outside his cell with minimal human contact or communication. The defendants have moved for summary judgment, and Lipscomb has responded to their motion and filed a summary judgment motion of his own. The court notes, however, that the record does not include any evidence about whether Lipscomb was a pretrial detainee or a convicted felon during the period of segregated confinement of which he complains. Lipscomb's legal status during this time determines the constitutional protections owed to him in jail disciplinary and classification proceedings and in addressing his complaints about jail living conditions. Therefore, the court finds it appropriate to stay consideration of the summary judgment motions to require additional evidence and briefing.

The defendants provide evidence that before Lipscomb entered segregation, he was charged with a disciplinary infraction, received notice and a hearing, was found guilty, and was penalized with a thirty-day term of segregated confinement. Their evidence is that, thereafter, an NRADC security classification team found Lipscomb's risk factors qualified him for maximum

custody status, requiring that he be separated from other inmates for administrative reasons. Lipscomb complains that he did not receive notice of these classification proceedings or have an opportunity to participate. Before completing his first disciplinary segregation term, Lipscomb incurred additional disciplinary infractions and segregation term penalties. He also remained classified as maximum custody, allegedly with no opportunity to participate in periodic reviews of his custody status. The defendants admit that for at least two and a half months, Lipscomb remained separated from other inmates with little out-of-cell activity, based only on his administrative, maximum custody status.

The Due Process Clause of the Fourteenth Amendment provides that "[n]o State shall ... deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend XIV § 1. To establish a procedural due process violation, an inmate must first demonstrate that he had a protected liberty interest in avoiding solitary confinement. *Smith v. Collins*, 964 F.3d 266, 274 (4th Cir. 2020).[1] A convicted prisoner "does not have an inherent, constitutionally protected liberty interest in [avoiding or] release from solitary confinement." *Id.* at 275. Thus, first, "he must identify a state-created liberty interest in avoiding solitary confinement," by showing "a basis for an interest or expectation in state regulations" for avoiding such confinement, and second, [he must show] that the conditions impose atypical and significant hardship in relation to the ordinary incidents of prison life." *Id.* (applying principles outlined in *Sandin v. Conner*, 515 U.S. 472 (1995)). When a convicted inmate challenges the constitutionality of living conditions in jail, his claims arise under the Eighth Amendment, and the court must employ the analysis derived from that amendment. *See, e.g., Farmer v. Brennan*, 511 U.S. 825 (1994); *Wilson v. Seiter*, 501 U.S. 294 (1991). The defendants have argued under

---

[1] The court has omitted internal quotation marks, alterations, and/or citations here and elsewhere throughout this memorandum opinion, unless otherwise noted.

these principles applicable to convicted felons that they are entitled to summary judgment on Lipscomb's claims that he has been segregated without due process under unconstitutional living conditions.

On the other hand, a pretrial detainee who complains of segregated confinement without due process and/or unconstitutional living conditions is entitled to analysis of his claims under a different constitutional rubric. "[A] pretrial detainee has a right under the Due Process Clause to be free from punishment before his guilt is adjudicated." *Tate v. Parks*, 791 F. App'x 387, 390 (4th Cir. 2019) (citing *Bell v. Wolfish*, 441 U.S. 520, 535 (1979)). Therefore, when a pretrial detainee asserts a claim of being subjected to segregated confinement without due process, the court must address it under the Due Process Clause, rather than using the Eighth Amendment analysis applicable to a convicted felon's claims. *Id.*

> Jail officials may impose nonpunitive restrictions on a pretrial detainee for disciplinary or administrative reasons, but, as these restrictions implicate a detainee's liberty interests, he is entitled to certain procedural protections. Where restrictions are imposed as a disciplinary measure of institutional misconduct, the detainee must be provided notice, a hearing, and a written explanation of the disciplinary action taken. Where such restrictions are imposed instead for administrative reasons, the detainee is owed some notice of the proposed action and an opportunity to present his views. In addition, the detainee must be afforded periodic review of his confinement.

*Id.* (citing *Williamson v. Stirling*, 912 F.3d 154, 174-77 (4th Cir. 2018)). Similarly, a detainee's claims concerning unconstitutional living conditions must be addressed using a due process analysis. *Id.* (citing *Williamson*, 912 F.3d at 173-86).

Clearly, Lipscomb's legal status at the time his claims arose is critical to determine the legal analysis the court must apply in deciding his claims. As stated, the evidence provided by the parties currently does not demonstrate whether Lipscomb was serving any criminal sentence, at the time his claims arose, or was a pretrial detainee. The court takes judicial notice of state court records available online which appear to indicate that the 2020 charges on which Lipscomb

is currently incarcerated remain pending in the Circuit Court for the City of Winchester. These records appear to indicate that all the charges are active, with court proceedings scheduled for various dates in 2022. As such, the court will not adjudicate Lipscomb's § 1983 claims until the parties have had an opportunity to clarify his legal status during the period in question (February through October 2020) and to argue, under the appropriate constitutional analysis, how the court should rule on his claims.

For the reasons stated, it is hereby **ORDERED** as follows:

1. All action on the parties' motions for summary judgment (Dkt. Nos. 35 and 59) is hereby STAYED;

2. The defendants are DIRECTED to submit within thirty days from the date of the entry of this order additional evidence and briefing on the plaintiff's status as a pretrial detainee or a convicted felon and the legal standard that the court must apply to his § 1983 claims; and

3. The plaintiff is DIRECTED to file any response in opposition to the defendants' additional evidence and briefing within sixty days from the date of the entry of this order.

Entered: September 20, 2021.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
United States District Judge